JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

Alfredo Santiago

**(b)**   County of Residence of First Listed Plaintiff   Lancaster County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Arthur L. Bugay, Esquire
GALFAND BERGER, L.L.P.
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103

## DEFENDANTS

ITW Food Equipment Group LLC, ILC Investments, Inc., ILC Investment Holdings, Inc., and Hobart LLC, incorrectly sued as Hobart Corporation,

County of Residence of First Listed Defendant   Miami County, Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Robert W. Stanko, Esquire
Andrew C. Goldstein, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 2  U.S. Government
  Defendant
- ☐ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☒ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | X |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:   28 U.S.C. §§ 1332(a) 1441, 1446

Brief description of cause:   Plaintiff alleges injuries as a result of an alleged incident involving a mixer grinder manufactured and sold by Defendants.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   3/23/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **ALFREDO SANTIAGO** | : | **CIVIL ACTION** |
| **v.** | : | |
| **ITW FOOD EQUIPMENT** | : | |
| **GROUP LLC, et al.** | : | |
| | | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.              ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.              ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
     exposure to asbestos.              ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)              ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.              (X)

| | | |
|---|---|---|
| March 23, 2021 | | Defendants |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-575-2807 | 215-575-0856 | rwstanko@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)   10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| **ALFREDO SANTIAGO** | : | **CIVIL ACTION** |
| v. | : | |
| **ITW FOOD EQUIPMENT** | : | |
| **GROUP LLC, et al.** | : | |
| | | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.  ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.  ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.  ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)  ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| March 23, 2021 | | Defendants |
| Date | Attorney-at-law | Attorney for |

| | | |
|---|---|---|
| 215-575-2807 | 215-575-0856 | rwstanko@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 713 High Street, Lancaster, Pennsylvania _____

Address of Defendant: _____ 701 S. Ridge Avenue, Troy, Ohio _____

Place of Accident, Incident or Transaction: 1201 Millersville Pike, Manor Shopping Center, Lancaster, PA 17603-6656

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/23/21 _____   _____   208830

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

*B.*   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☑ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____   _____   _____

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALFREDO SANTIAGO | **)** | CASE NO.:  2:21-cv-1383 |
| | **)** | |
| Plaintiff | **)** | |
| | **)** | |
| v. | **)** | JUDGE: |
| | **)** | |
| ITW FOOD EQUIPMENT GROUP, LLP | **)** | |
| and ILC INVESTMENTS, INC. a/p/k/d/b/a | **)** | |
| ILC INVESTMENTS HOLDINGS, INC. | **)** | |
| and ILC INVESTMENTS HOLDINGS, | **)** | |
| INC. and HOBART CORPORATION | **)** | |
| | **)** | |
| Defendants. | **)** | |

<u>**NOTICE OF REMOVAL**</u>

Defendants ITW Food Equipment Group LLC ("ITW FEG"), ILC Investments, Inc., ILC Investment Holdings, Inc., and Hobart LLC, incorrectly sued as Hobart Corporation, (collectively, "Defendants") hereby give notice of removal of a civil action, April Term 2020, Case No. 01006, from the Court of Common Pleas, Philadelphia County.  Removal of this action is proper under 28 U.S.C. §§ 1441 and 1446 for the reasons set forth below.

1.      On or about April 21, 2020, Plaintiff filed a Praecipe for Writ of Summons against Defendants in the Court of Common Pleas, Philadelphia County, Case No. 01006.

2.      The Praecipe for Writ of Summons along with the attached Civil Cover Sheet was received by ITW FEG on April 27, 2020.  (*See* Exhibit A.)

3.      The Praecipe for Writ of Summons along with the attached Civil Cover Sheet was received by ILC Investments, Inc. and ILC Investment Holdings, Inc. on May 1, 2020.  (*See* Exhibit B.)

4.      Plaintiff filed an affidavit purporting that the Praecipe for Writ of Summons along with the attached Civil Cover Sheet was received by Hobart Corporation on April 27, 28, 29, and May 11, 2020, however, Hobart Corporation does not exist.  (*See* Exhibit C.)

5.     The Court of Common Pleas, Philadelphia County, issued several Scheduling Orders setting a Case Management Conference, but all conferences were rescheduled as Plaintiff had not filed a Complaint.  Prior to the conference set for November 2, 2020, ITW FEG and Plaintiff each filed a Case Management Conference Memorandum.  (*See* Exhibit D.)

6.     On February 5, 2021, the Court issued an Order scheduling a video conference for March 3, 2021, at 10:00 a.m., at which time Plaintiff was to show cause as to why his case should not be non-prossed for failure to file a complaint in a timely manner.  (*See* Exhibit E.)

7.     On March 3, 2021 at 9:31 a.m., Plaintiff filed a Complaint naming as Defendants ITW FEG, ILC Investments, Inc., ILC Investment Holdings, Inc., and Hobart Corporation.  (*See* Exhibit F.)  At the show cause hearing, the Court held that Plaintiff could move forward with his case because he had filed said Complaint that morning.  A copy of the Court's Order dissolving the Rule is attached as Exhibit G.

8.     This Notice of Removal is timely filed, within thirty days of ITW FEG's first receipt of the Notice to Defend and Complaint.

9.     Exhibits A through G constitute all process, pleadings, and orders served in the action pending in the Court of Common Pleas Philadelphia County, Case No. 01006.

10.     Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania.  (*See* Complaint ¶ 1.)

11.     ITW FEG is and was at all relevant times a Delaware limited liability company. ITW FEG has five members:  FEG Investments L.L.C., ILC Investments Holdings Inc., ITW Mortgage Investments II, Inc., ITW Mortgage Investments III, Inc., and ITW Mortgage Investments IV, Inc.  ITW FEG's first listed member, FEG Investments L.L.C., has one member: Hobart LLC.  Hobart LLC is and was at all relevant times a Delaware limited liability company with its principal place of business in Illinois.  Hobart LLC's sole member is Illinois Tool Works

2

Inc., a Delaware corporation with its principal place of business in Illinois. Therefore, Hobart LLC is a citizen of Delaware and Illinois. 28 U.S.C § 1332(c)(1). ITW FEG's remaining members are and were at all relevant times Delaware corporations with their principal places of business in Illinois. Therefore, ITW FEG's remaining members are citizens of Delaware and Illinois. *Id.* Because the five members of ITW FEG are citizens of Delaware and Illinois, ITW FEG is a citizen of Delaware and Illinois. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3rd Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of each of its members."); *see also C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) ("[D]iversity jurisdiction in a suit by or against an entity other than a corporation depends on the citizenship of all the members.").

12.     ILC Investments, Inc. is a Delaware corporation with its principal place of business in Illinois.

13.     As noted above, ILC Investments Holdings Inc. is a Delaware corporation with its principal place of business in Illinois.

14.     As noted above, Hobart LLC is and was at all relevant times a Delaware limited liability company with its principal place of business in Illinois. Hobart LLC's sole member is Illinois Tool Works Inc., a Delaware corporation with its principal place of business in Illinois. Therefore, Hobart LLC is a citizen of Delaware and Illinois.

15.     Based upon the allegations in the Complaint, the amount in controversy exceeds $75,000.00, exclusive of interests and costs. While Plaintiff does not plead a specific amount of damages, Plaintiff's claim relates to "serious and grievous injuries," including but not limited to "injuries to his bones, muscles, ligaments, and nerves." (Complaint ¶¶ 86, 90.) Beyond this, Plaintiff also claims $45,957.71 in medical costs as of August 5, 2019, loss of wages, loss of enjoyment of life, past and future pain and suffering, and disfigurement. (*Id.* at ¶¶ 87-90.) *See*

3

*also Nelson v. Keefer*, 451 F.2d 289, 294 (3d Cir. 1971) (discussing the "well-known fact of courtroom life that in personal injuries litigation the intangible factor of 'pain, suffering, and inconvenience' constitutes the largest single item of recovery, exceeding by far the out-of-pocket 'specials' of medical expenses and loss of wages").

16.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17.     By filing this Notice of Removal, Defendants do not waive, and hereby reserve, any objection as to service, personal jurisdiction, and all other defenses.

18.     This Notice of Removal is being served on counsel for Plaintiff on the date identified below. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas, Philadelphia County.

19.     The undersigned attorneys are authorized by Defendants to file this Notice of Removal. Robert W. Stanko is licensed in the State of Pennsylvania and is a member of the Bar of this Court. Elizabeth B. Wright and Anthony J. Martucci are licensed in the State of Ohio and will file applications to appear *pro hac vice*.

WHEREFORE, this action is hereby removed from the Court of Common Pleas, Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

**MARSHALL DENNEHY WARNER**
**COLEMAN & GOGGIN**

By: _____
Robert W. Stanko, Esq.
I.D. No. 208830
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone:  (215) 575-2600
Facsimile:  (215) 575-0856
rwstanko@MDWCG.com

4

Elizabeth B. Wright, Esq.
(Ohio 0018456; application to
appear *pro hac vice* to be filed)
Anthony J. Martucci, Esq.
(Ohio 0090794; application to
appear *pro hac vice* to be filed)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114
Telephone:  (216) 566-5500
Facsimile:  (216) 566-5800
elizabeth.wright@thompsonhine.com
tony.martucci@thompsonhine.com

*Attorneys for Defendants,*
*ITW Food Equipment Group LLC, ILC*
*Investments, Inc., ILC Investment Holdings,*
*Inc., and Hobart LLC*

Date:  March 23, 2021

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing *Notice of Removal* has

been electronically filed with the Clerk through the e-portal filing system this 23rd day of March

2021 and served by electronic mail on the following:

> Arthur L. Bugay Esquire
> Galfand Berger, LLP
> 1835 Market Street, Suite 2710
> Philadelphia, PA 19103
> abugay@galfandberger.com
>
> *Attorneys for Plaintiff*

**MARSHALL DENNEHY WARNER
COLEMAN & GOGGIN**

By:_____
       Robert W. Stanko, Esq.
       *Attorney for Defendants,*
       *ITW Food Equipment Group LLC,*
       *ILC Investments, Inc., ILC Investment*
       *Holdings, Inc., and Hobart LLC*

Date:___March 23, 2021_____

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFREDO SANTIAGO, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| v. | ) | |
| | ) | |
| ITW FOOD EQUIPMENT GROUP LLC; | ) | |
| ILC INVESMENTS, INC.; ILC | ) | |
| INVESTMENTS HOLDINGS, INC.; and | ) | |
| HOBART CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT

**ROBERT W. STANKO, ESQUIRE,** being duly sworn according to law deposes and

states that the facts set forth in the foregoing Notice of Removal are true and correct to the best

of his knowledge, information, and belief.


_____

**ROBERT W. STANKO, ESQUIRE**


SWORN TO AND SUBSCRIBED

BEFORE ME THIS _____ DAY

OF _____, 2021


_____

NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
Audrey M. Gaffney, Notary Public
Philadelphia County
My commission expires July 01, 2022
Commission number 1224778

# EXHIBIT "A"

| | |
|---|---|
| GALFAND BERGER, L.L.P.<br>BY: Arthur L. Bugay, Esquire<br>PA ID:  62251<br>1835 Market Street, Suite 2710<br>Philadelphia, Pennsylvania 19103<br>(215) 665-1600<br>abugay@galfandberger.com | *Filed and Attested by the*<br>*Office of Judicial Records*<br>Attorney for Plaintiff 2020 02:32 pm<br>M. RUSSO |
| ALFREDO SANTIAGO<br>713 High Street<br>Lancaster, PA 17603<br><br><br>               vs.<br><br>ITW FOOD EQUIPMENT GROUP, LLC<br>701 S. Ridge Avenue<br>Troy, Oh 45374, and at<br>P. O. Box 2517<br>Carol Stream, Il 60132, and at<br>2917 Wayne Street<br>Harrisburg, PA 17111<br><br><br>And<br><br><br>ILC INVESTMENTS, INC. a/p/k/d/b/a<br>ILC INVESTMENTS HOLDINGS, INC.<br>155 Harlem Avenue<br>Glenview, IL 60025<br><br><br>And<br><br><br>ILC INVESTMENTS HOLDINGS, INC.<br>155 Harlem Avenue<br>Glenview, IL 60025<br><br><br>And<br><br><br>HOBART CORPORATION<br>71 Mall Drive<br>Commack, NY 11725, and at<br>3600 W. Lake Avenue<br>Glenview, IL 60026<br>and at<br>Hobart World Headquarters<br>701 S. Ridge Avenue<br>Troy, OH 45374, and at | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA  COUNTY<br><br>CIVIL TRIAL DIVISION<br>APRIL TERM, 2020<br>NO. 01006 |

| 2917 Wayne Street<br>Harrisburg, PA 17111 | | |
|---|---|---|

## AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA:

I, Arthur L. Bugay, hereby certify that a true and correct copy of the Writ of Summons

was served via Regular Mail and Certified Mail-Return Receipts Requested on April 27,

2020 and April 28, 2020 upon Defendant, ITW Food Equipment Group LLC at its

different addresses.  The Certified Return Receipts are attached hereto and marked as

**Exhibits "A" and "B."**

**GALFAND BERGER, LLP.**

BY: _____

Arthur L. Bugay, Esquire
Attorney for Plaintiff

SWORN TO AND SUBSCRIBED
before me this _____ day of

_____, 2020

_____
NOTARY PUBLIC

Dated: June 9, 2020

## <u>CERTIFICATION OF SERVICE</u>

I, Arthur L. Bugay, Esquire, do hereby certify that I electronically filed the affidavit of service of the Writ of Summons upon defendant, ITW Food Equipment Group LLC. this 9th day of June 2020 and send a copy to the following via first class mail, postage prepaid:

ITW Food Equipment Group, LLC
2917 Wayne Street
Harrisburg, PA 17111

ITW Food Equipment Group, LLC
P.O. Box 2517
Carol Stream, IL 60132-2517

ITW Food Equipment Group, LLC
701 S. Ridge Avenue
Troy, OH 45374

**GALFAND BERGER, LLP**

BY: _____
ARTHUR L. BUGAY, ESQUIRE
Attorney for Plaintiff

Case ID: 200401006

# EXHIBIT "A"

Case ID: 200401006



**GALFAND BERGER LLP**

LAW OFFICES

1835 MARKET STREET
SUITE 2710
PHILADELPHIA, PA 19103
www.galfandberger.com
FAX: 215 564 2262
TEL: 215 665 1600
1 800 222 8792

RICHARD M. JUREWICZ †
DEBRA A. JENSEN
MICHAEL P. MALVEY *
MICHAEL W. MCGURRIN
ARTHUR L. BUGAY *
GABRIELA G. RAFUL*
BRADLEY R. SMITH *
FARHAN S. ALI *
NILAM M. VAHORA
BROOKE J. ELMI *

OF COUNSEL
MARIA L. SOFFER *
NORMAN J. WEINSTEIN

*   ALSO ADMITTED IN NJ
†   BOARD CERTIFIED IN CIVIL TRIAL LAW
    AND ADVOCACY BY THE NATIONAL
    BOARD OF TRIAL ADVOCACY
✦   ALSO ADMITTED IN NEW YORK

ALL ATTORNEYS AT OUR FIRM ARE
ADMITTED IN PA

READING OFFICES:
29 N. 6TH STREET
READING, PA 19601
TEL: 610 376 1696

AND

1251 N. FRONT STREET
READING, PA 19601
TEL: 484 577 4049

BETHLEHEM OFFICE:
3477 CORPORATE PARKWAY
SUITE 100
CENTER VALLEY, PA 18034
TEL: 610 865 4212

LANCASTER OFFICE:
1525 OREGON PIKE
SUITE 502
LANCASTER, PA 17601
TEL: 717 824 3376

April 22, 2020

ARTHUR L. BUGAY
abugay@galfandberger.com

58239.0001
**VIA CERTIFIED MAIL, RRR**
ITW Food Equipment Group, LLC
P.O. Box 2517
Carol Stream, IL 60132-2517

    **RE:   Santiago v. ITW Food Equipment Group, LLC, et al**
          **PCCP No. April Term, 2020 No. 01006**

Dear Sir/Madam:

    Please be advised that a Civil Action has been filed against your company in the Court of Common Pleas of Philadelphia County, Pennsylvania on April 21, 2020 bearing the above caption, a copy of which I am enclosing herein.

    I suggest that you forward this Civil Action to your liability insurance carrier and have their attorney enter a written appearance on behalf of your Company.

    Your prompt attention to this matter will be greatly appreciated.

          Very truly yours,

          ARTHUR L. BUGAY

ALB:cr
Enclosure

91 7199 9991 7036 5388 9205

Case ID: 200401006

 **UNITED STATES POSTAL SERVICE**

Date Produced: 05/04/2020

GALFAND BERGER LLP:

The following is the delivery information for Certified Mail™ item number 7199 9991 7036 5388 9205. Our records indicate that this item was delivered on 04/27/2020 at 03:18 a.m. in CAROL STREAM, IL 60132. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        0337257 4917121858239

Case ID: 200401006



**GALFAND BERGER LLP**

LAW OFFICES

1835 MARKET STREET
SUITE 2710
PHILADELPHIA, PA 19103
www.galfandberger.com
FAX: 215 564 2262
TEL: 215 665 1600
1 800 222 8792

RICHARD M. JUREWICZ †
DEBRA A. JENSEN
MICHAEL P. MALVEY ✦
MICHAEL W. MCGURRIN
ARTHUR L. BUGAY ✦
GABRIELA G. RAFUL ✦
BRADLEY R. SMITH ✦
FARHAN S. ALI ✦
NILAM M. VAHORA
BROOKE J. ELMI †

OF COUNSEL
MARIA L. SOFFER ✦
NORMAN J. WEINSTEIN

✦ ALSO ADMITTED IN NJ
† BOARD CERTIFIED IN CIVIL TRIAL LAW
  AND ADVOCACY BY THE NATIONAL
  BOARD OF TRIAL ADVOCACY
✦ ALSO ADMITTED IN NEW YORK
  ALL ATTORNEYS AT OUR FIRM ARE
  ADMITTED IN PA

READING OFFICES:
29 N. 6TH STREET
READING, PA 19601
TEL: 610 376 1696
AND
1251 N. FRONT STREET
READING, PA 19601
TEL: 484 577 4049

BETHLEHEM OFFICE:
3477 CORPORATE PARKWAY
SUITE 100
CENTER VALLEY, PA 18034
TEL: 610 865 4212

LANCASTER OFFICE:
1525 OREGON PIKE
SUITE 502
LANCASTER, PA 17601
TEL: 717 824 3376

April 22, 2020

ARTHUR L. BUGAY
abugay@galfandberger.com

58239.0001
**VIA CERTIFIED MAIL, RRR**
ITW Food Equipment Group, LLC
2917 Wayne Street
Harrisburg, PA 17111

   RE:   Santiago v. ITW Food Equipment Group, LLC, et al
         PCCP No. April Term, 2020 No. 01006

Dear Sir/Madam:

   Please be advised that a Civil Action has been filed against your company in the Court of Common Pleas of Philadelphia County, Pennsylvania on April 21, 2020 bearing the above caption, a copy of which I am enclosing herein.

   I suggest that you forward this Civil Action to your liability insurance carrier and have their attorney enter a written appearance on behalf of your Company.

   Your prompt attention to this matter will be greatly appreciated.

Very truly yours,

ARTHUR L. BUGAY

ALB:cr
Enclosure

91 7199 9991 7036 5388 9229

Case ID: 200401006



**UNITED STATES**
**POSTAL SERVICE**®

Date Produced: 05/04/2020

GALFAND BERGER LLP:

The following is the delivery information for Certified Mail™ item number 7199 9991 7036 5388 9229.
Our records indicate that this item was delivered on 04/27/2020 at 12:24 p.m. in HARRISBURG, PA
17111. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

Customer Reference Number:          0337257 4917121858239

Case ID: 200401006

# EXHIBIT "B"

Case ID: 200401006



**GALFAND BERGER LLP**

April 22, 2020

ARTHUR L. BUGAY
abugay@galfandberger.com

LAW OFFICES

1835 MARKET STREET
SUITE 2710
PHILADELPHIA, PA 19103
www.galfandberger.com
FAX: 215 564 2262
TEL: 215 665 1600
1 800 222 8792

RICHARD M. JUREWICZ †
DEBRA A. JENSEN
MICHAEL P. MALVEY ✦
MICHAEL W. MCGURRIN
ARTHUR L. BUGAY ✦
GABRIELA G. RAFUL✦
BRADLEY R. SMITH ✦
FARHAN S. ALI ✦
NILAM M. VAHORA
BROOKE J. ELMI✦

OF COUNSEL
MARIA L. SOFFER ✦
NORMAN J. WEINSTEIN

✦ ALSO ADMITTED IN NJ
† BOARD CERTIFIED IN CIVIL TRIAL LAW AND ADVOCACY BY THE NATIONAL BOARD OF TRIAL ADVOCACY
✦ ALSO ADMITTED IN NEW YORK
ALL ATTORNEYS AT OUR FIRM ARE ADMITTED IN PA

58239.0001
**VIA CERTIFIED MAIL, RRR**
ITW Food Equipment Group, LLC
701 S. Ridge Avenue
Troy, OH 45374

**RE:   Santiago v. ITW Food Equipment Group, LLC, et al
        PCCP No. April Term, 2020 No. 01006**

Dear Sir/Madam:

    Please be advised that a Civil Action has been filed against your company in the Court of Common Pleas of Philadelphia County, Pennsylvania on April 21, 2020 bearing the above caption, a copy of which I am enclosing herein.

    I suggest that you forward this Civil Action to your liability insurance carrier and have their attorney enter a written appearance on behalf of your Company.

    Your prompt attention to this matter will be greatly appreciated.

Very truly yours,

ARTHUR L. BUGAY

READING OFFICES:
29 N. 6TH STREET
READING, PA 19601
TEL: 610 376 1696

AND

1251 N. FRONT STREET
READING, PA 19601
TEL: 484 577 4049

BETHLEHEM OFFICE:
3477 CORPORATE PARKWAY
SUITE 100
CENTER VALLEY, PA 18034
TEL: 610 865 4212

LANCASTER OFFICE:
1525 OREGON PIKE
SUITE 502
LANCASTER, PA 17601
TEL: 717 824 3376

ALB:cr
Enclosure

91 7199 9991 7036 5388 9212

Case ID: 200401006



**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 05/04/2020

GALFAND BERGER LLP:

The following is the delivery information for Certified Mail™ item number 7199 9991 7036 5388 9212.
Our records indicate that this item was delivered on 04/28/2020 at 09:39 a.m. in TROY, OH 45373. The
scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

Customer Reference Number:        0337257 4917121858239

Case ID: 200401006

# EXHIBIT "B"

GALFAND BERGER, L.L.P.
BY:  Arthur L. Bugay, Esquire
PA ID:   62251
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
abugay@galfandberger.com

Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
TERM 2020 02:37 pm
M. RUSSO

ALFREDO SANTIAGO
713 High Street
Lancaster, PA 17603


                    vs.

ITW FOOD EQUIPMENT GROUP, LLC
701 S. Ridge Avenue
Troy, Oh 45374, and at
P. O. Box 2517
Carol Stream, Il 60132, and at
2917 Wayne Street
Harrisburg, PA 17111


And

ILC INVESTMENTS, INC. a/p/k/d/b/a
ILC INVESTMENTS HOLDINGS, INC.
155 Harlem Avenue
Glenview, IL 60025


And

ILC INVESTMENTS HOLDINGS, INC.
155 Harlem Avenue
Glenview, IL 60025


And

HOBART CORPORATION
71 Mall Drive
Commack, NY 11725, and at
3600 W. Lake Avenue
Glenview, IL 60026
and at
Hobart World Headquarters
701 S. Ridge Avenue
Troy, OH 45374, and at

IN THE COURT OF COMMON PLEAS
PHILADELPHIA  COUNTY

CIVIL TRIAL DIVISION
 APRIL TERM, 2020
NO. 01006

Case ID: 200401006

| 2917 Wayne Street Harrisburg, PA 17111 | |
|---|---|

## AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA:

I, Arthur L. Bugay, hereby certify that a true and correct copy of the Writ of Summons

was served via Regular Mail and Certified Mail-Return Receipt Requested on May 1,

2020 upon Defendant, ILC Investments, Inc. a/p/k/d/b/a ILC Investments Holdings, Inc.

The Certified Return Receipt is attached hereto and marked as **Exhibit "A."**

**GALFAND BERGER, LLP.**

BY: _____
       Arthur L. Bugay, Esquire
       Attorney for Plaintiff

SWORN TO AND SUBSCRIBED
before me this _____ day of

_____, 2020

_____
NOTARY PUBLIC

Dated: June 9, 2020

## <u>CERTIFICATION OF SERVICE</u>

I, Arthur L. Bugay, Esquire, do hereby certify that I electronically filed the affidavit of service of the Writ of Summons upon defendant, ILC Investments, Inc. a/p/k/d/b/a ILC Investment Holdings, INC.  this 6th day of June 2020 and send a copy to the following via first class mail, postage prepaid:

> ILC Investments, Inc. a/p/k/d/b/a
> ILC Investments Holdings, Inc.
> 155 Harlem Avenue
> Glenview, IL 60025

**GALFAND BERGER, LLP**

BY: _____
ARTHUR L. BUGAY, ESQUIRE
Attorney for Plaintiff

# EXHIBIT A



**GALFAND BERGER LLP**

April 21, 2020

ARTHUR L. BUGAY
abugay@galfandberger.com

LAW OFFICES

1835 MARKET STREET
SUITE 2710
PHILADELPHIA, PA 19103
www.galfandberger.com
FAX: 215 564 2262
TEL: 215 665 1600
1 800 222 8792

RICHARD M. JUREWICZ †
DEBRA A. JENSEN
MICHAEL P. MALVEY ✦
MICHAEL W. MCGURRIN
ARTHUR L. BUGAY ✦
GABRIELA G. RAFUL ✦
BRADLEY R. SMITH †
FARHAN S. ALI †
NILAM M. VAHORA
BROOKE J. ELMI †

OF COUNSEL
MARLA L. SOFFER ✦
NORMAN J. WEINSTEIN

✦ ALSO ADMITTED IN NJ
† BOARD CERTIFIED IN CIVIL TRIAL LAW
   AND ADVOCACY BY THE NATIONAL
   BOARD OF TRIAL ADVOCACY
✧ ALSO ADMITTED IN NEW YORK
   ALL ATTORNEYS AT OUR FIRM ARE
   ADMITTED IN PA

58239.0001
**VIA CERTIFIED MAIL, RRR**
ILC Investments, Inc. a/p/k/d/b/a
ILC Investments Holdings, Inc.
155 Harlem Avenue
Glenview, IL 60025

**RE:   Santiago v. ITW Food Equipment Group, LLC, et al**
         **PCCP No. April Term, 2020 No. 01006**

Dear Sir/Madam:

Please be advised that a Civil Action has been filed against your
company in the Court of Common Pleas of Philadelphia County, Pennsylvania
on April 21, 2020 bearing the above caption, a copy of which I am enclosing
herein.

I suggest that you forward this Civil Action to your liability insurance
carrier and have their attorney enter a written appearance on behalf of your
Company.

Your prompt attention to this matter will be greatly appreciated.

Very truly yours,

ARTHUR L. BUGAY

READING OFFICES:
29 N. 6TH STREET
READING, PA 19601
TEL: 610 376 1696

AND

1251 N. FRONT STREET
READING, PA 19601
TEL: 484 577 4049

BETHLEHEM OFFICE:
3477 CORPORATE PARKWAY
SUITE 100
CENTER VALLEY, PA 18034
TEL: 610 865 4212

LANCASTER OFFICE:
1525 OREGON PIKE
SUITE 502
LANCASTER, PA 17601
TEL: 717 824 3376

ALB:cr
Enclosure

91 7199 9991 7036 5388 9175

Case ID: 200401006



**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 05/04/2020

GALFAND BERGER LLP:

The following is the delivery information for Certified Mail™ item number 7199 9991 7036 5388 9175. Our records indicate that this item was delivered on 05/01/2020 at 08:03 a.m. in GLENVIEW, IL 60026. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        0337257 4917121858239

Case ID: 200401006

# EXHIBIT "C"

GALFAND BERGER, L.L.P.
BY: Arthur L. Bugay, Esquire
PA ID:  62251
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
abugay@galfandberger.com

Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
13 JUN 2020 02:35 pm
M. RUSSO

ALFREDO SANTIAGO
713 High Street
Lancaster, PA 17603

                     vs.

ITW FOOD EQUIPMENT GROUP, LLC
701 S. Ridge Avenue
Troy, Oh 45374, and at
P. O. Box 2517
Carol Stream, Il 60132, and at
2917 Wayne Street
Harrisburg, PA 17111


And


ILC INVESTMENTS, INC. a/p/k/d/b/a
ILC INVESTMENTS HOLDINGS, INC.
155 Harlem Avenue
Glenview, IL 60025


And


ILC INVESTMENTS HOLDINGS, INC.
155 Harlem Avenue
Glenview, IL 60025


And


HOBART CORPORATION
71 Mall Drive
Commack, NY 11725, and at
3600 W. Lake Avenue
Glenview, IL 60026
and at
Hobart World Headquarters
701 S. Ridge Avenue
Troy, OH 45374, and at

IN THE COURT OF COMMON PLEAS
PHILADELPHIA  COUNTY

CIVIL TRIAL DIVISION
 APRIL TERM, 2020
NO. 01006

Case ID: 200401006

| 2917 Wayne Street<br>Harrisburg, PA 17111 | |
|---|---|

<u>AFFIDAVIT OF SERVICE</u>

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA:

I, Arthur L. Bugay, hereby certify that a true and correct copy of the Writ of Summons

was served via Regular Mail and Certified Mail-Return Receipts Requested on April 27,

2020, April 28, 2020, April 29, 2020 and May 11, 2020 upon Defendant, Hobart

Corporation at its different addresses.  The Certified Return Receipts are attached hereto

and marked as **Exhibits "A" "B" "C" and "D."**

**GALFAND BERGER, LLP.**

BY: _____
    Arthur L. Bugay, Esquire
    Attorney for Plaintiff

SWORN TO AND SUBSCRIBED
before me this _____ day of

_____, 2020

_____
NOTARY PUBLIC

Dated: June 9, 2020

Case ID: 200401006

## CERTIFICATION OF SERVICE

I, Arthur L. Bugay, Esquire, do hereby certify that I electronically filed the affidavit of service of the Writ of Summons upon defendant, Hobart Corporation this 9th day of June 2020 and send a copy to the following via first class mail, postage prepaid:

Hobart Corporation
2917 Wayne Street
Harrisburg, PA 17111

Hobart Corporation
Hobart World Headquarters
701 S. Ridge Avenue
Troy, OH 45374

Hobart Corporation
3600 West Lake Avenue
Glenview, IL 60026

Hobart Corporation
71 Mall Drive
Commack, NY 11725

**GALFAND BERGER, LLP**

BY: _____
ARTHUR L. BUGAY, ESQUIRE
Attorney for Plaintiff

Case ID: 200401006

# EXHIBIT A

Case ID: 200401006



**GALFAND BERGER LLP**

LAW OFFICES

1835 MARKET STREET
SUITE 2710
PHILADELPHIA, PA 19103
www.galfandberger.com
FAX: 215 564 2262
TEL: 215 665 1600
1 800 222 8792

RICHARD M. JUREWICZ †
DEBRA A. JENSEN
MICHAEL P. MALVEY ✦
MICHAEL W. MCGURRIN
ARTHUR L. BUGAY ✦
GABRIELA G. RAFUL ✦
BRADLEY R. SMITH ✦
FARHAN S. ALI †
NILAM M. VAHORA
BROOKE J. ELMI ✦

OF COUNSEL
MARIA L. SOFFER ✦
NORMAN J. WEINSTEIN

✦ ALSO ADMITTED IN NJ
† BOARD CERTIFIED IN CIVIL TRIAL LAW
  AND ADVOCACY BY THE NATIONAL
  BOARD OF TRIAL ADVOCACY
✦ ALSO ADMITTED IN NEW YORK
  ALL ATTORNEYS AT OUR FIRM ARE
  ADMITTED IN PA

READING OFFICES:
29 N. 6TH STREET
READING, PA 19601
TEL: 610 376 1696

AND

1251 N. FRONT STREET
READING, PA 19601
TEL: 484 577 4049

BETHLEHEM OFFICE:
3477 CORPORATE PARKWAY
SUITE 100
CENTER VALLEY, PA 18034
TEL: 610 865 4212

LANCASTER OFFICE:
1525 OREGON PIKE
SUITE 502
LANCASTER, PA 17601
TEL: 717 824 3376

April 22, 2020

ARTHUR L. BUGAY
abugay@galfandberger.com

58239.0001
**VIA CERTIFIED MAIL, RRR**
Hobart Corporation
2917 Wayne Street
Harrisburg, PA 17111

      RE:   **Santiago v. ITW Food Equipment Group, LLC, et al**
               **PCCP No. April Term, 2020 No. 01006**

Dear Sir/Madam:

     Please be advised that a Civil Action has been filed against your company in the Court of Common Pleas of Philadelphia County, Pennsylvania on April 21, 2020 bearing the above caption, a copy of which I am enclosing herein.

     I suggest that you forward this Civil Action to your liability insurance carrier and have their attorney enter a written appearance on behalf of your Company.

     Your prompt attention to this matter will be greatly appreciated.

Very truly yours,

ARTHUR L. BUGAY

ALB:cr
Enclosure

91 7199 9991 7036 5388 9168

Case ID: 200401006

 **UNITED STATES POSTAL SERVICE**

Date Produced: 05/04/2020

GALFAND BERGER LLP:

The following is the delivery information for Certified Mail™ item number 7199 9991 7036 5388 9168. Our records indicate that this item was delivered on 04/27/2020 at 12:24 p.m. in HARRISBURG, PA 17111. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:       0337257 4917121858239

Case ID: 200401006

# EXHIBIT "B"



**GALFAND BERGER LLP**

April 22, 2020

ARTHUR L. BUGAY
abugay@galfandberger.com

LAW OFFICES

1835 MARKET STREET
SUITE 2710
PHILADELPHIA, PA  19103
www.galfandberger.com
FAX: 215 564 2262
TEL: 215 665 1600
1 800 222 8792

RICHARD M. JUREWICZ †
DEBRA A. JENSEN
MICHAEL P. MALVEY ✦
MICHAEL W. MCGURRIN
ARTHUR L. BUGAY ✦
GABRIELA G. RAFUL✦
BRADLEY R. SMITH ✦
FARHAN S. ALI †
NILAM M. VAHORA
BROOKE J. ELMI✦

OF COUNSEL
MARIA L. SOFFER ✦
NORMAN J. WEINSTEIN

✦  ALSO ADMITTED IN NJ
†  BOARD CERTIFIED IN CIVIL TRIAL LAW
   AND ADVOCACY BY THE NATIONAL
   BOARD OF TRIAL ADVOCACY
✦  ALSO ADMITTED IN NEW YORK
   ALL ATTORNEYS AT OUR FIRM ARE
   ADMITTED IN PA

58239.0001
**VIA CERTIFIED MAIL, RRR**
**Hobart Corporation**
Hobart World Headquarters
701 S. Ridge Avenue
Troy, OH 45374

     **RE:   Santiago v. ITW Food Equipment Group, LLC, et al**
           **PCCP No. April Term, 2020 No. 01006**

Dear Sir/Madam:

     Please be advised that a Civil Action has been filed against your company in the Court of Common Pleas of Philadelphia County, Pennsylvania on April 21, 2020 bearing the above caption, a copy of which I am enclosing herein.

     I suggest that you forward this Civil Action to your liability insurance carrier and have their attorney enter a written appearance on behalf of your Company.

     Your prompt attention to this matter will be greatly appreciated.

                    Very truly yours,

                    ARTHUR L. BUGAY

READING OFFICES:
29 N. 6TH STREET
READING, PA  19601
TEL: 610 376 1696

AND

1251 N. FRONT STREET
READING, PA  19601
TEL: 484 577 4049

BETHLEHEM OFFICE:
3477 CORPORATE PARKWAY
SUITE 100
CENTER VALLEY, PA 18034
TEL: 610 865 4212

LANCASTER OFFICE:
1525 OREGON PIKE
SUITE 502
LANCASTER, PA 17601
TEL: 717 824 3376

ALB:cr
Enclosure

91 7199 9991 7036 5388 9144

Case ID: 200401006


**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 05/04/2020

GALFAND BERGER LLP:

The following is the delivery information for Certified Mail™ item number 7199 9991 7036 5388 9144.
Our records indicate that this item was delivered on 04/28/2020 at 09:39 a.m. in TROY, OH 45373. The
scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

Customer Reference Number:        0337257 4917121858239

Case ID: 200401006

# EXHIBIT "C"

Case ID: 200401006



April 22, 2020

ARTHUR L. BUGAY
abugay@galfandberger.com

**GALFAND BERGER LLP.**

LAW OFFICES

1835 MARKET STREET
SUITE 2710
PHILADELPHIA, PA 19103
www.galfandberger.com
FAX: 215 564 2262
TEL: 215 665 1600
1 800 222 8792

RICHARD M. JUREWICZ †
DEBRA A. JENSEN
MICHAEL P. MALVEY ✦
MICHAEL W. MCGURRIN
ARTHUR L. BUGAY ✦
GABRIELA G. RAFUL ✦
BRADLEY R. SMITH ✦
FARHAN S. ALI ✦
NILAM M. VAHORA
BROOKE J. ELMI ✦

OF COUNSEL
MARIA L. SOFFER ✦
NORMAN J. WEINSTEIN

✦   ALSO ADMITTED IN NJ
†   BOARD CERTIFIED IN CIVIL TRIAL LAW
    AND ADVOCACY BY THE NATIONAL
    BOARD OF TRIAL ADVOCACY
✦   ALSO ADMITTED IN NEW YORK
    ALL ATTORNEYS AT OUR FIRM ARE
    ADMITTED IN PA

READING OFFICES:
29 N. 6TH STREET
READING, PA 19601
TEL: 610 376 1696

AND

1251 N. FRONT STREET
READING, PA 19601
TEL: 484 577 4049

BETHLEHEM OFFICE:
3477 CORPORATE PARKWAY
SUITE 100
CENTER VALLEY, PA 18034
TEL: 610 865 4212

LANCASTER OFFICE:
1525 OREGON PIKE
SUITE 502
LANCASTER, PA 17601
TEL: 717 824 3376

58239.0001
**VIA CERTIFIED MAIL, RRR**
Hobart Corporation
3600 West Lake Avenue
Glenview, IL 60026

> **RE:   Santiago v. ITW Food Equipment Group, LLC, et al**
> **PCCP No. April Term, 2020 No. 01006**

Dear Sir/Madam:

Please be advised that a Civil Action has been filed against your company in the Court of Common Pleas of Philadelphia County, Pennsylvania on April 21, 2020 bearing the above caption, a copy of which I am enclosing herein.

I suggest that you forward this Civil Action to your liability insurance carrier and have their attorney enter a written appearance on behalf of your Company.

Your prompt attention to this matter will be greatly appreciated.

Very truly yours,

ARTHUR L. BUGAY

ALB:cr
Enclosure

91 7199 9991 7036 5388 9151

Case ID: 200401006

 **UNITED STATES POSTAL SERVICE**

Date Produced: 05/04/2020

GALFAND BERGER LLP:

The following is the delivery information for Certified Mail™ item number 7199 9991 7036 5388 9151.
Our records indicate that this item was delivered on 04/29/2020 at 08:02 a.m. in GLENVIEW, IL 60026.
The scanned image of the recipient information is provided below.

Signature of Recipient :   

Address of Recipient :   

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

Customer Reference Number:        0337257 4917121858239

Case ID: 200401006

# EXHIBIT "D"

Case ID: 200401006



April 22, 2020

ARTHUR L. BUGAY
abugay@galfandberger.com

**LAW OFFICES**
1835 MARKET STREET
SUITE 2710
PHILADELPHIA, PA 19103
www.galfandberger.com
FAX: 215 564 2262
TEL: 215 665 1600
1 800 222 8792

RICHARD M. JUREWICZ †
DEBRA A. JENSEN
MICHAEL P. MALVEY ✦
MICHAEL W. MCGURRIN
ARTHUR L. BUGAY ✦
GABRIELA G. RAFUL ✦
BRADLEY R. SMITH
FARHAN S. ALI †
NILAM M. VAHORA
BROOKE J. ELMI ✦

OF COUNSEL
MARLA L. SOFFER ✦
NORMAN J. WEINSTEIN

✦ ALSO ADMITTED IN NJ
† BOARD CERTIFIED IN CIVIL TRIAL LAW
AND ADVOCACY BY THE NATIONAL
BOARD OF TRIAL ADVOCACY

✦ ALSO ADMITTED IN NEW YORK
ALL ATTORNEYS AT OUR FIRM ARE
ADMITTED IN PA

58239.0001
**VIA CERTIFIED MAIL, RRR**
Hobart Corporation
71 Mall Drive
Commack, NY 11725

    **RE:   Santiago v. ITW Food Equipment Group, LLC, et al**
          **PCCP No. April Term, 2020 No. 01006**

Dear Sir/Madam:

    Please be advised that a Civil Action has been filed against your company in the Court of Common Pleas of Philadelphia County, Pennsylvania on April 21, 2020 bearing the above caption, a copy of which I am enclosing herein.

    I suggest that you forward this Civil Action to your liability insurance carrier and have their attorney enter a written appearance on behalf of your Company.

    Your prompt attention to this matter will be greatly appreciated.

Very truly yours,

ARTHUR L. BUGAY

**READING OFFICES:**
29 N. 6TH STREET
READING, PA 19601
TEL: 610 376 1696

AND

1251 N. FRONT STREET
READING, PA 19601
TEL: 484 577 4049

**BETHLEHEM OFFICE:**
3477 CORPORATE PARKWAY
SUITE 100
CENTER VALLEY, PA 18034
TEL: 610 865 4212

**LANCASTER OFFICE:**
1525 OREGON PIKE
SUITE 502
LANCASTER, PA 17601
TEL: 717 824 3376

ALB:cr
Enclosure

91 7199 9991 7036 5388 9137

Case ID: 200401006

Add a tracking number

Showing: All

9171999991703653889137

**Delivered:**
PHILADELPHIA, PA 19103 on
May 11, 2020 at 9:53 am

  UPDATED 6/9/2020 11:52 AM

# EXHIBIT "D"

**FILED**
28 OCT 2020 11:01 am
**Civil Administration**
B. KOCH

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| ALFREDO SANTIAGO | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : |
| ITW FOOD EQUIPMENT GROUP, LLP and | : APRIL TERM, 2020 |
| ILC INVESTMENTS, INC. a/p/k/d/b/a ILC | : |
| INVESTMENTS HOLDINGS, INC. and ILC | : NO. 01006 |
| INVESTMENTS HOLDINGS, INC. and | : |
| HOBART CORPORATION | : |
| | : |

## CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party:   ITW Food Equipment Group LLC      By:   Robert W. Stanko

Counsel's address and telephone number (**IMPORTANT**)     215-575-2807

2000 Market Street, Suite 2300

Philadelphia, PA  19103

**ITW FOOD EQUIPMENT GROUP LLC IS UNABLE TO COMPLETE THIS CASE MANAGEMENT CONFERENCE MEMORANDUM AS PLAINTIFF HAS NOT FILED A COMPLAINT, AND, THUS, IT HAS NO INFORMATION REGARDING PLAINTIFF'S ALLEGED CLAIMS OR THE NATURE OF THE ALLEGED DAMAGES.**

### PART A
*(to be completed in personal injury cases)*

1.   Date of accident or occurrence: _____

    1(a).  Age of Plaintiff(s) _____

2.   Most serious injuries sustained: _____

3.   Is there any permanent injury claimed?

    If yes, indicate the type of permanent injury: _____

4.   Dates of medical treatment: _____

5.   Is medical treatment continuing? _____

6.   Has there been an inpatient hospitalization? _____

01-105 (Rev. 10/99) (1)

7.  Has there been any surgery? _____

    If yes, indicate the type of surgery: _____

8.  Approximate medical bills to date: _____

    Approximate medical bills recoverable in the case: _____

9.  Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?

    _____

    If yes, what type and approximate amount? _____

10. Time lost from work: _____

11. Approximate past lost wages: _____

12. Is there a claim for future lost earning capacity?

    If yes, approximate future lost earning capacity? _____

13. Are there any related cases or claims pending?

    If so, list caption(s) or other appropriate identifier: _____

    _____

14. Do you anticipate joining additional parties?

15. Plaintiff's factual position as to liability: _____

    _____

16. Defense factual position as to liability: _____

    _____

    _____

    _____

17. Defense position as to causation of injuries alleged: _____

18. Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Are there issues as to the applicability
of the above insurance coverage?:      ☐ Yes      ☐ No

19. Demand: _____        Offer: _____

# EXHIBIT "E"



### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

Santiago

Vs

ITW Food Equipment Group

April TERM 2020

No. 1006



Santiago Vs Itw Food Equipment Group, Llc E-RLFIS

20040100600031

### RULE RETURNABLE

AND NOW, this 5ᵗʰ day of February, 2021, a rule is hereby issued to show

cause why this matter should not be non-prossed for failure to file a complaint in a timely

manner.

Rule Returnable via Virtual Courtroom video-conference on March 3rd, 2021 at

10:00 a.m.

All counsel and unrepresented parties shall appear via video-conference unless the

case is settled withdrawn, or a complaint is filed.  If this case is settled, withdrawn, or a

complaint is filed, counsel must notify the court immediately in writing[1] and upon proper

notification, the Rule will automatically be dissolved.

**IT IS FURTHER ORDERED** as follows:

1.      Counsel must monitor their email for an invitation to join the Zoom
proceeding. The email will be sent approximately 2 days before the proceeding.

2.      All counsel and participants must follow the Court's "Notice to the Bar"
Policies and Protocols for Use of Advanced Communication Technology for Court

---

[1] Written notification shall be faxed to the Honorable Arnold L. New C/O Stephen
Harvey, 2020 Major Jury Program Administrator 215-686-2607, or emailed to
stephen.harvey@courts.phila.gov or new.virtualcourtroom@courts.phila.gov

Proceedings in CivilMatters (available http://www.courts.phila.gov/covid-19.) Counsel shall provide a copy of this Notice to the Bar to each participant that they intend to invite to the proceeding.

3.      A court reporter will be present to transcribe the proceeding. No audio/video recording of the proceeding is permitted except by the official court reporter.

4.      Counsel must exchange all documents (in PDF format via email) that they expect to use no later than 5 days prior to the proceeding. The documents must include all exhibits and demonstratives. In addition, no later than 5 days prior to the proceeding, Counsel shall email Chambers at (new.virtualcourtroom@courts.phila.gov) a copy of all documents that they expect to use during the proceeding. All documents submitted in advance of the Zoom proceeding are subject to the Pennsylvania Rules of Evidence. After the proceeding, Counsel shall meet and confer regarding the docketing of all documents that were used during proceeding.

5.      Counsel shall email Chambers and also electronically file with the Office of Judicial Records any stipulations as well as any proposed form Order no later than 5:00 p.m. on the day before the proceeding. Counsel shall also email Chambers a list of participants and proposed witnesses along with an email address and phone number for each person. Such list shall identify whether the person is a party, witness or other participant, the order in which they are expected to speak, and an estimate of the amount of time their testimony will require.

6.      Any participant who does not have access to Zoom technology may request leave of court to participate by audio only. Any participant joining by audio only must email the phone number from which they will access the proceeding to email Chambers at (new.virtualcourtroom@courts.phila.gov) no less than one hour in advance of the proceeding.

7.      Counsel and clients should join the Zoom proceeding at least 10 minutes prior to start of proceeding in case there are any technical difficulties. Counsel are advised that if they are not in the Zoom waiting room at least 10 minutes prior to the start of the proceeding (or they have not otherwise contacted Chambers), they risk having the proceeding start in their absence.

8.      Counsel and all unrepresented parties must email Chambers at (new.virtualcourtroom@courts.phila.gov) and provide cell phone numbers prior to the proceeding in the event of an unexpected technology interruption before or during the Zoom proceeding.

9.      Counsel is responsible to oversee clients and witnesses within their control to make sure their clients and witnesses follow this protocol as well as all of the Court's orders. Counsel is also responsible for ensuring that their clients, witnesses and participants have a functional Zoom technology to participate in the proceeding.

10.      All persons are advised that in the event any person's Zoom visual connection fails, the audio function will continue, and the proceeding will continue as

planned. Persons are further advised to participate in the proceeding by calling the toll free number in the event that that person's Zoom technology fails in its entirety.

      11.    Any questions regarding this Order shall be emailed to (new.virtualcourtroom@courts.phila.gov) with a copy to all counsel and any unrepresented parties.

BY THE COURT:

_____

New, J.



**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA COURT OF COMMON PLEAS**
**TRIAL DIVISION – CIVIL**

Thursday, July 16, 2020

### NOTICE TO THE CIVIL BAR

**POLICIES AND PROTOCOLS FOR USE OF ADVANCED COMMUNICATION**
**TECHNOLOGY FOR COURT PROCEEDINGS IN CIVIL MATTERS**

Pursuant to paragraph 3 of Administrative Order, Amended No. 33 of 2020, dated May 21, 2020, the Court adopts the following Protocols and Policies for all proceedings in civil matters that will be held using Advanced Communication Technology:

1. Trial Division – Civil will use Zoom video conferencing services ("Zoom") as the designated Advanced Communication Technology for certain proceedings in civil matters.

2. All participants – counsel, clients and witnesses – shall familiarize themselves with Zoom in advance of the proceeding.

3. When signing into Zoom, each participant shall use only their first and last name as their screen name along with an appropriate designation such as "plaintiff's counsel, plaintiff or witness. For example, a proper screen name is "Jane Doe – plaintiff's counsel." The screen name cannot be an email address or nickname, e.g., southsidejohnny@gmail.com.

4. All participants must confirm that their computer audio is enabled and that their Internet connection is working properly and with sufficient signal strength. Where possible, participants should use a desktop computer rather than a mobile device. When using a mobile device, ensure that device is sufficiently charged and/or plugged into a power source.

5. Counsel shall make every effort to ensure that the witness/party can use Zoom and can view exhibits via Zoom. The camera should be positioned such that the person's entire face and shoulders are visible.

6.   During testimony by a party or witness, no one is permitted to communicate – via text or chat application or any other means – with the testifying witness except by way of on the record oral questions directed toward that witness.

7.   If counsel is muted or requests permission to address the Court, counsel should physically raise their hands so that the Court may recognize counsel.

8.   If during the course of the proceeding it becomes necessary for counsel to consult with a client in private, counsel may raise their hand to request to be sent to a breakout room for a short time to have a private conversation.

9.   If a participant's video freezes and that participant is unable to restart video, the participant shall dial-in to the Zoom proceeding and use audio only.

10.  Counsel and parties must treat the proceeding as if it were in open court so appropriate dress and decorum are required.

11.  Counsel and parties must silence all other electronic devices.

12.  No participant may use a virtual background without Court permission.

13.  Participants are reminded that everyone must appear on camera during the entire hearing, whether or not they are speaking, unless the Court directs otherwise. Participants must limit or eliminate possible background distractions.

14.  All participants must be able to review exhibits while also participating in a Zoom proceeding.

15.  Pa. Rule of Judicial Administration No. 1910 provides that it "is unlawful and a criminal offense to use or operate a device to capture, record, transmit or broadcast a photograph, video, motion picture or audio of a proceeding or person within a judicial facility or in an area adjacent to or immediately surrounding a judicial facility without the approval of the court or presiding judicial officer or except as provided by rules of court." The Zoom proceeding takes place in a virtual courtroom and constitutes a judicial facility.   As such, any broadcasting, transmitting, video recording, audio recording, photographing, taking screenshots and/or otherwise saving or reproducing of the proceeding is strictly prohibited and is subject to penalties including contempt of court.

Honorable Jacqueline F. Allen
Administrative Judge, Trial Division

Honorable Arnold L. New
Supervising Judge, Trial Division – Civil

Honorable Gary S. Glazer
Supervising Judge, Trial Division – Commerce

# EXHIBIT "F"

Filed and Attested by the
Office of Judicial Records
23 MAR 2021 09:31 am
H. RUSSO

**NOTICE**

| |
|---|
| **TO: All Defendants** |
| You are hereby notified to file a written response to the enclosed |
| Complaint within twenty (20) days from the date of service |
| hereof or a judgment may be entered against you. |
| /s/Arthur L. Bugay |
| **Attorney for Plaintiff** |

**THIS IS NOT AN ARBITRATION CASE**
**AN ASSESSMENT OF DAMAGES HEARING IS**
**REQUIRED**

| | |
|---|---|
| ALFREDO SANTIAGO<br>713 High Street<br>Lancaster, PA 17603<br><br><br>vs.<br><br>ITW FOOD EQUIPMENT GROUP, LLC<br>701 S. Ridge Avenue<br>Troy, Oh 45374, and at<br>P. O. Box 2517<br>Carol Stream, Il 60132, and at<br>2917 Wayne Street<br>Harrisburg, PA 17111<br><br>And<br><br>ILC INVESTMENTS, INC. a/p/k/d/b/a<br>ILC INVESTMENTS HOLDINGS, INC.<br>155 Harlem Avenue<br>Glenview, IL 60025<br><br>And<br><br>ILC INVESTMENTS HOLDINGS, INC.<br>155 Harlem Avenue<br>Glenview, IL 60025<br><br>And<br><br>HOBART CORPORATION<br>71 Mall Drive | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA  COUNTY<br><br>CIVIL TRIAL DIVISION<br><br>APRIL TERM, 2020<br><br>NO. 01006 |

| Commack, NY 11725, and at 3600 W. Lake Avenue Glenview, IL 60026 and at Hobart World Headquarters 701 S. Ridge Avenue Troy, OH 45374, and at 2917 Wayne Street Harrisburg, PA 17111 | | |
|---|---|---|

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6300

## AVISO

Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo de la demanda y notificacion para asentar una comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o

Case ID: 200401006

por cualquier reclamacion hecha por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

      USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE ABOGADOS DE FILADELFIA

Servicio De Referencia E Informacion Legal

1101 Market Street, 11th Floor

Filadelfia, Pennsylvania 19107

(215) 238-6300

Case ID: 200401006

| | |
|---|---|
| GALFAND BERGER, L.L.P.<br>BY:  Arthur L. Bugay, Esquire<br>PA ID:   62251<br>1835 Market Street, Suite 2710<br>Philadelphia, Pennsylvania 19103<br>(215) 665-6810/(215) 805-3466 (cell)<br>abugay@galfandberger.com | Attorney for Plaintiff |
| ALFREDO SANTIAGO<br>713 High Street<br>Lancaster, PA 17603<br><br><br>vs.<br><br>ITW FOOD EQUIPMENT GROUP, LLC<br>701 S. Ridge Avenue<br>Troy, Oh 45374, and at<br>P. O. Box 2517<br>Carol Stream, Il 60132, and at<br>2917 Wayne Street<br>Harrisburg, PA 17111<br><br>And<br>ILC INVESTMENTS, INC. a/p/k/d/b/a<br>ILC INVESTMENTS HOLDINGS, INC.<br>155 Harlem Avenue<br>Glenview, IL 60025<br>And<br><br>ILC INVESTMENTS HOLDINGS, INC.<br>155 Harlem Avenue<br>Glenview, IL 60025<br><br><br>And<br><br>HOBART CORPORATION<br>71 Mall Drive<br>Commack, NY 11725, and at<br>3600 W. Lake Avenue<br>Glenview, IL 60026<br>and at<br>Hobart World Headquarters<br>701 S. Ridge Avenue<br>Troy, OH 45374, and at<br>2917 Wayne Street<br>Harrisburg, PA 17111 | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA  COUNTY<br><br>CIVIL TRIAL DIVISION<br><br>APRIL TERM, 2020<br><br>NO. 01006<br><br>JURY TRIAL DEMANDED |

## COMPLAINT - PRODUCTS LIABILITY

### I.     PARTIES:

1.   Plaintiff Alfredo Santiago is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 713 High Street, Lancaster, Pennsylvania 17603.

2.   Defendant ITW Food Equipment Group, LLC ("ITW") is, upon information and belief, a Delaware Corporation with a principal place of business located at 701 S. Ridge Avenue, Troy, Ohio 45374.

3.   Upon information and belief, it is believed that Defendant ITW Food Equipment Group, LLC, at all relevant times alleged herein, has been in the business of manufacturing, designing, distributing and selling commercial food preparing machines including, but not limited to, meat mixing machines such as the one at issue in this civil matter.

4.   Defendant ITW Food Equipment Group, LLC is registered to conduct business in the Commonwealth of Pennsylvania; it is believed and averred that it has been registered at relevant times as Entity No. 3061764.

5.   It is believed and averred that Defendant ITW Food Equipment Group, LLC also conducts business under the trade name Hobart Corporation, a company that, upon information and belief, it acquired and which, upon information and belief, merged into Defendant ITW Food Equipment Group, LLC.

6.   It is believed and averred that Defendant ITW Food Equipment Group, LLC identifies "Hobart" as a brand and, upon information and belief, Defendant advertises "Hobart" as a division of Defendant ITW Food Equipment Group, LLC.

2

7.  Based on information and belief, Defendant ITW Food Equipment Group, LLC regularly conducts business in the City and County of Philadelphia and accepts service through CT Corporation System in Philadelphia at 1515 Market Street, Suite 1210, Philadelphia, Pennsylvania 19102.

8.  It is believed and averred that, at relevant times alleged herein, Defendant ITW Food Equipment Group, LLC performed service work, which it had undertaken for the subject product, identified herein, incorporated by reference through its division, Hobart Service, which is not a legal entity.

9.  It is believed and averred that Defendant ITW Food Equipment Group, LLC performed such services under an agreement which Defendants refer to as a "Hobart Care Service Agreement" or a "service contract" with purchasers of ITW Food Equipment Group, LLC brand products, including for the subject product, a Hobart Model Mixer Grinder identified as a Model MG2032 Mixer Grinder.

10. It is believed and averred that the subject Hobart Mixer Grinder, identified as Model MG1532, was purchased in or around February 11, 2008 in a direct purchase by Plaintiff's employer, Weis Markets, Inc., based in Sunbury, Pennsylvania, for delivery at the Weis Market Store No. 41, located at 1204 Millersville Pike, in the Manor Shopping Center.

11. Defendant Hobart Corporation is believed and averred to no longer be an operation and/or a viable legal entity as it was, upon information and belief, acquired and/or merged into Defendant ITW Food Equipment Group, LLC sometime after February 11, 2008.

12. Defendant Hobart Corporation, at one time, is believed to have had a sales location at 71 Mall Drive, Commack, New York 11725.

3

Case ID: 200401006

13. Based on information and belief, Defendant Hobart Corporation, when in business, was a Delaware Corporation and had a principal place of business located in Troy, Ohio.

14. It is believed and averred that Defendants have published a Manual and catalog of replacement parts that identifies the product seller as "Hobart Corporation 701 S. Ridge Avenue Troy, Ohio 45374-0001."

15. It is believed and averred that, at relevant times, Defendants have engaged in the sale of parts and provision of service for "Hobart" brand meat mixers, including for the subject product.

16. It is believed and averred that the subject product is referred to by Defendants as a "Mixer-Grinder."

17. It is believed and averred that the subject product was designed by Defendants identified herein.

18. It is believed and averred that the subject product was manufactured by Defendants identified herein.

19. It is believed and averred that the subject product was sold by Defendants identified herein.

20. It is believed and averred that Defendants are otherwise responsible for product defects associated with the subject product pursuant to (a) a statutory merger; (b) a de facto merger; (c) Defendants are a continuation of the product manufacturer; (d) the Pennsylvania product line exception; (e) other doctrines establishing successor liability.

21. At all relevant times alleged herein, Defendants are and have been regularly engaged in the business of selling commercial food preparing machines and products such as the subject Model MG1532, serial number 27-1175-310.

4

22. The photograph below shows the identification plate for the subject Hobart Mixer Grinder:



**Figure 1: Subject Product, Commercial Food Preparing Machine, Name Plate**

23. It is believed and averred that the serial number for the subject Hobart Mixer Grinder is 27-1175-310.

24. It is believed and averred that the subject Mixer Grinder is a 60hz 208 volt 3 phase electrical design.

25. It is believed and averred that in or around 2011, Defendant ITW Food Equipment Group, LLC acquired all or substantially all of the assets of Hobart Corporation.

26. It is believed and averred that Defendant ITW Food Equipment Group, LLC is the successor to Hobart Corporation as discussed herein.

5

27. It is believed that Defendant Hobart Corporation became part of Defendant ITW Food Equipment Group, LLC in or around 2001.

28. Based on information and belief, it is believed that Defendant ITW Food Equipment Group, LLC is a Delaware Corporation with a principal place of business located at 701 S. Ridge Avenue, Troy, Ohio 43574.

29. It is believed and averred that Defendant ITW Food Equipment Group, LLC (hereinafter also referred to as "ITWFEG") has conducted business as "Hobart Corporation" and as "Hobart Service Corporation."

30. It is believed that Defendant ILC Investments, Inc. did not design, manufacture, or sell and is not a successor to the subject product manufacturer.

31. Alternatively, Plaintiff avers that Defendant ILC Investments, Inc. designed, manufactured, and/or sold the subject product and/or is a successor to the subject product's manufacturer.

32. It is believed and averred that Defendant ILC Investments, Inc., may also be known as ILC Investment Holdings, Inc., which is, upon information and belief, is an Illinois corporation with a principal place of business located at 501 State Street, Ottawa, Illinois 61350.

33. It is believed and averred that these companies are one and the same and all averments are referred to each company ILC Investments, Inc., and ILC Investment Holdings, Inc. interchangeably as one entity as ITC herein.

34. All averments referencing ITC refer to Defendants ILC Investments, Inc., and ILC Investment Holdings, Inc. as if fully set forth at length individually and separately, jointly and severally.

6

Case ID: 200401006

35. In this Complaint, Defendants may also be referred to as "Defendants Hobart" or as "Defendants ITWFEG".

36. All averments referencing "Defendants Hobart" or "Defendants ITWFEG" refer to Defendants, identified herein, jointly, individually, and severally.

37. Defendants, upon information and belief, regularly and continuously conduct business in the Commonwealth of Pennsylvania, and were so at all relevant times.

38. It is believed and averred that Defendants, particularly Defendants Hobart and ITWFEG have, at relevant times, regularly and continuously have conducted business in the City and County of Philadelphia.

39. It is believed and averred that Defendant ITWFEG is registered with the Pennsylvania Secretary of State as a foreign business entity and has continuously maintained this registration since 2002.

40. On April 30, 2018, Plaintiff was an intended user of a "Hobart" Model MG1532 Mixer-Grinder when he was seriously and permanently injured and disfigured by this product, designed, manufactured, and/or sold by Defendants ITWFEG, identified herein, incorporated by reference.

## II.   JURISDICTION, VENUE, AND PROCEDURAL HISTORY

41. Jurisdiction is proper over Defendants pursuant to the Pennsylvania Long Arm statute, 42 Pa.C.S.A. § 5301(a), et seq. and Pennsylvania law as the tortious injury giving rise to this cause of action occurred in the Commonwealth of Pennsylvania.

42. Venue is proper pursuant to Rules 2179(a)(2) and 1006 of the Pennsylvania Rules of Civil Procedure.

43. Plaintiff commenced this civil action by writ of summons on April 21, 2020.

Case ID: 200401006

44. Plaintiff's civil action was docketed as April Term 2020, Number 001006, which is this civil matter.

45. Defendants were served with Plaintiff's writ of summons pursuant to the Pennsylvania Rules of Civil Procedure by May 4, 2020.

46. This Complaint is a continuation of Plaintiff's original civil action commenced by writ of summons.

47. In this civil action, Plaintiff avers that Defendants acted by and through their respective employees, agents, servants, borrowed servants, and representatives at all relevant times alleged herein.

48. It is believed and averred that, at all relevant times alleged herein, Defendants, by license or otherwise, regularly and continuously have used the name "Hobart" and have adopted same for their products, as a brand reference, for their business purposes.

49. It is believed and averred that Defendants, by placing the name "Hobart" on the subject product, are ostensible manufacturers and are "manufacturers" of the subject product pursuant to Pennsylvania law, a jurisdiction that has adopted Section 400 of the Restatement (Second) of Torts.

## III.    DEFENDANTS' PRODUCT, SALE, AND SERVICE CONTRACT

50. It is believed and averred that Weis Markets, Inc., based in Sunbury, Pennsylvania, purchased the subject Hobart Model MG1532-1 Mixer/Grinder for approximately $8,470.00 from Defendant Hobart Corporation, its employees, servants, and/or agents on or about January 10, 2008, for Defendant Hobart Corporation to deliver, by agent, contractor, or otherwise, this subject product directly to Weis Markets' Store Number 41, located at 1204 Millersville Pike, Manor Shopping Center, Lancaster, PA 17603-6656, pursuant to Purchase Order No. 752026.

Case ID: 200401006

51. It is believed and averred that, at this time, in 2008, Defendant Hobart Corporation was Defendant ITWFEG.

52. It is believed and averred that the subject product was sold by Defendant ITWFEG and/or by Defendants ITWFEG.

53. It is believed and averred that Defendants ITWFEG and/or Defendant ITWFEG designed this product and manufactured this subject product.

54. It is believed and averred that the subject product was delivered by Defendants ITWFEG and/or their employees and/or agents on or around February 11, 2008.

55. It is believed and averred that, at relevant times, Defendants created a service contract (hereinafter referred to as the "service contract") for the subject product with Plaintiff's employer, Weis Markets.

56. Plaintiff does not possess a copy of this service contract; but Plaintiff believes and avers that this service contract is in Defendants' possession and control.

57. It is believed and averred that Defendants identify Defendant ITW Food Equipment Group, LLC as "Hobart" in this identified "service contract."

58. It is believed and averred that Defendants maintain a service provider, by their employees, servants, and/or agents whom they designate to be "authorized" service providers who provided service actions for the subject product at relevant times alleged herein.

59. It is believed that the service provider for the subject product included Defendants' employees, servants, and/or agents located at 2917 Wayne Street, Harrisburg, PA 17111.

60. It is believed and averred that the aforementioned service contract provided for Defendants' repair, service, and maintenance for the subject product.

Case ID: 200401006

61. It is believed and averred that Defendants hired and trained the "Hobart Service Technicians" and stated that they are the "most knowledgeable technicians in the industry."

62. It is believed and averred that Defendants represented that the subject product was sold without defect, in design, manufacture, or function and that this product would function for its particular purposes and would be free of defect to provide its operations safely without injury to its intended users.

63. It is believed and averred that Defendants designed, manufactured, and sold their product, the subject product, without everything necessary to make it safe for its intended uses and its foreseeable misuses.

64. Defendants' product's defective and unsafe condition rendered it unreasonably dangerous for its intended and foreseeable uses and operations.

65. It is believed and averred that, before Plaintiff's injury, Defendants knew or, through reasonable care, should have known about operators of its subject model product, the Hobart Model 1532 Mixer-Grinder, being injured by the product's moving components which did not stop, for the machine to become de-energized or rendered in a safe condition, in a zero mechanical state or otherwise non-operable position when the product's hopper lid was opened.

66. It is believed and averred that Defendants' design, for this model and subject product, included or should have included durable feasible safety components that would have rendered the product incapable of operation, preventing, among other things, the product's auger/mixing arm/conveyor assembly from operation while the product's hopper lid was in an open position.

67. It is believed and averred that the subject product was without substantial change at the time of Plaintiff's injury from when it was designed, manufactured, sold, and placed into the stream of commence by Defendants.

10

Case ID: 200401006

68. It is believed that Defendants knew or, through reasonable care, should have known that the subject product's hopper lid interlock was not properly or reasonably functioning or operating at the time of Plaintiff's injury and before.

69. It is believed and averred that Defendants, through their service providers, undertook to provide (a) proper; (b) reasonable; and (c) timely (d) competent service and repairs for the subject product, at relevant times alleged herein.

## IV.   DEFENDANTS' IMPROPER SERVICE/REPAIR AND PLAINTIFF'S INJURY

70. It is believed and averred that, pursuant to this service agreement, Defendants were called to provide service repairs for the subject product on or before March 12, 2018 and that, pursuant to this contract service call, Defendants generated Work Order WO0662326 which involved Defendants, by and through their personnel, employees, servants, agents, and/or representatives to go to Weis's store for the subject product, to perform inspection, service, testing, and repairs so that the product would function properly and safely and that, among other things, its safety features would function during the product's operations to minimize operator and user injury and danger.

71. Defendants' failure to properly, reasonably, and/or competently perform its undertakings, directly and/or indirectly, resulted and proximately caused Plaintiff's injuries and damages.

72. It is believed and averred that Defendants, through their service department, Defendants' employees, servants, agents, and/or authorized service representatives marked this service call complete by March 21, 2018.

73. It is believed and averred that Defendants' March service call and inspection and repair was for the product's controls and electrical operations and that, reasonable inspection and repair

11

Case ID: 200401006

would have included testing, inspection, repair, and evaluation of the product's safety features, including its Hopper lid interlock features and components.

74. It is believed and averred that Defendants Hobart/ITWFEG did not lock out, warn, tag out, or otherwise inform Weis that the subject product was not operating properly or had any safety problems or that the subject product's Hopper interlock was not operating safely or reliably.

75. It is believed that Defendants, instead, identified the subject product as being safe for operation and without any condition that would render it unsafe.

76. It is believed and averred that Defendants, by their employees, servants, agents, and/or designated repair personnel, identified the product as being without substantial change after this March service repair.

77. It is believed and averred that Defendants did not properly or reasonably perform inspection, testing, repair, and safety evaluation of the subject product and, as a direct and proximate result of Defendants' failure to properly, reasonably, or safely perform this undertaking, Plaintiff suffered grievous and permanent injuries on April 30, 2018.

78. It is believed and averred that Defendants knew, at all relevant times, before the sale of the subject product, that the product's operating components, its Hopper area with moving parts, posed a safety hazard for operators and users and that this area required all feasible safety components and devices to make it safe for operations and use and not unreasonably dangerous and defective.

79. It is believed and averred that Defendants knew at all relevant times that warnings or instructions are not a reasonable or proper or safe substitute for designed safety components to protect the user and operator.

Case ID: 200401006

80. It is believed and averred that Defendants' failure to use reasonable care in performing its undertaking or those of its designated service provider was a direct and proximate result of Plaintiff's injuries and damages.

## V.    DEFENDANTS' PRODUCT DEFECTS

81. On April 30, 2018 Plaintiff suffered injuries to his left arm and extremity when he was injured by the subject product which Defendants sold without feasible safety features that would have prevented Plaintiff's injuries and damages.

82. It is believed and averred that Defendants, through their servicing employees, servants, agents, and/or designated authorized repair personnel, performed maintenance, service, repair, and inspections of the subject product after its sale, before Plaintiff's injury and that Defendants had inspected the subject product and had stated that it had performed repairs on its controls before Plaintiff's injury and accident of April 30, 2018.

83. It is believed and averred that Defendants had a duty to warn Plaintiff and his employer of any unsafe condition with the subject product and that, notwithstanding this duty, Defendants failed to perform this duty with reasonable and proper care by:

    a.   Failing to properly or reasonably inspect the subject product with reasonable care;

    b.   Failing to properly or reasonably repair the subject product;

    c.   Failing to properly or reasonably maintain the subject product;

    d.   Failing to properly or reasonably service the subject product;

    e.   Failing to properly or reasonably communicate about unsafe conditions to the subject product;

    f.   Failing to communicate that the subject product was in an unreasonably dangerous condition and should not be operated;

13

Case ID: 200401006

g. Replacing the subject product's parts with parts that rendered it unreasonably dangerous.

84. It is believed that the subject model product is defectively designed and did not perform to consumer expectations and is defective due to its operation while the hopper lid is in the open position and failure to shut off with no function in a zero mechanical state or otherwise in a safe fashion without causing injury to the user or operator.

85. Defendants' products' defects include, and Defendants' liability in negligence and strict liability are premised upon but are not limited to the following:

a. The failure to incorporate a proper or feasible interlock safety system for its hopper and moving components, including but not limited to a fuse system to protect the interlock switch, which would shut off electric power to the system before damage to the user or operator;

b. The failure to properly or feasibly enclose the control system to protect it from moisture and corrosive or material debris to cause non-functioning of the Hopper interlock system;

c. The failure to properly or feasibly incorporate a safety shut off system that would prevent operation without fail during any point when the Hopper cover/lid is not fully enclosed;

d. The failure to incorporate proper and feasible safety guards that are interlocked to prevent operation when the Hopper cover is not fully enclosed as a failsafe safety system to prevent and minimize operator and user injuries;

14

e.  Failing to incorporate on the subject product all feasible safety devices, guards, and interlocks to make the product safe for its users and operators and without any condition to render it unreasonably dangerous and/or defective;

f.  Selling a product that was defective and/or unreasonably dangerous and without everything necessary to make it safe for its intended uses and foreseeable misuses;

g.  Failing to incorporate and provide proper, feasible, and complete warnings and instructions regarding the subject product to make it safe for its uses and operations and not unreasonably dangerous and/or defective;

h.  Other defective and dangerous conditions that rendered the subject product unreasonably dangerous and/or defective;

i.  Selling the product and/or failing to prevent its condition as sold or serviced to be operable with the hopper lip or lid open and/or selling the product without a failsafe means to absolutely prevent its operation with the hopper lid open.

## VI.  PLAINTIFF'S INJURY AND DAMAGES

86. Defendants' product's defects caused Plaintiff serious and grievous injuries and damages.

87. Plaintiff's medical costs exceed $45,957.71 as of August 5, 2019.

88. At the time of Plaintiff's injury, he was earning steady wages as an employee of Weis Markets until his injury and suffered wage and employment losses as a direct and proximate result of Defendants' defective product and/or Defendants' negligence set forth herein.

89. Plaintiff's injuries and damages exceed $50,000.00, excluding interest, costs, and delay damages.

90. As a direct and proximate result of Defendants' product's defective conditions, as sold and placed in the stream of commerce, by its design, manufacture, assembly, sale and/or

15

components, therein, Plaintiff suffered permanent and severe injuries that include: (a) injuries to his bones, muscles, ligaments, and nerves, and sequalae thereto; (b) injuries and damage to his left arm and extremity, including, but not limited to (i) an open posterior dislocation to his left elbow and (ii) a Type I or II open displaced fracture of his coronoid process to his left ulna; (c) injuries and damages requiring emergency medical treatment, including a closed reduction to Plaintiff's left elbow operation; (d) medical treatment and costs, past and future; (e) wage loss, past and future; (f) pain, suffering, past and future; (g) disfigurement; (h) lost enjoyment of life's pleasures, past and future; and (i) other damages, some or all of which are permanent in nature.

91. Plaintiff was a young man at the time of this incident and will suffer from his injuries caused by Defendant's negligence and/or Defendant's defective product for the rest of his life.

## VII.    PLAINTIFF'S CIVIL CLAIMS

92. Plaintiff hereby repeats and reaffirms the aforementioned averments as if fully set forth at length herein.

### COUNT I-NEGLIGENCE

### PLAINTIFFS v. DEFENDANTS ITWFEG

For his First Count, Plaintiff avers as follows:

93.  Plaintiff hereby incorporates by reference the above paragraphs as if fully set forth at length herein.

94.  Plaintiff's injuries and damages were caused by the negligence of Defendants, which arose through Defendants' negligence, carelessness and/or Defendant's failure to use reasonable or ordinary care, Defendants' recklessness and/or wrongdoing and/or Defendants' disregard and/or improper or unreasonable regard for the safety of others, by act and/or omission, including, but not limited to, *inter alia,* Defendants':

16

a.      Failure to design, manufacture, sell and/or supply the subject product with due care;

b.      Failure to incorporate on the subject product proper or adequate safety features for its intended and/or foreseeable uses, misuses and/or use;

c.      The failure to properly or adequately guard the aforementioned product to prevent and/or minimize injury to users and/or operators, such as Plaintiff, during the product's intended and/or foreseeable uses;

d.      The failure to incorporate feasible, material, safety components and/or features, which would prevent or minimize the product's risk of injury during the product's foreseeable and/or intended uses;

e.      The failure to suggest, supply, sell, incorporate and/or instruct with regard to feasible and/or reasonable injury and/or accident prevention devices that could have been used with the subject product to minimize and/or prevent injury, during the product's foreseeable and/or intended uses;

f.      The failure to minimize to the fullest extent feasible the product's hazards and/or risks associated with the subject product's use, its intended use and/or foreseeable uses;

g.      The failure to provide every device and/or element necessary to make the product safe for its intended uses and/or its foreseeable uses;

h.      The failure to properly or adequately test and/or inspect the subject product with reasonable care to determine whether the product could be used without injuring its intended users, foreseeable users and/or operators;

i.      The failure to provide proper or adequate warnings and/or instructions regarding the product's hazards and/or dangers and/or instructions with regard to how to prevent or

17

minimize injury with regard to the product through proper or adequate safety features and/or use;

      j.      The failure to properly or adequately determine, inspect, test and/or assess the product's dangers and/or hazards associated with its intended and/or foreseeable uses;

      k.      The failure to comply with applicable industry and/or government statutes, regulations and/or standards, customs or practices;

      l.      The failure to properly or adequately inspect the subject product;

      m.      The failure to properly or adequately test the subject product;

      n.      The failure to design, manufacture, sell or supply the subject product with adequate guards and/or safety devices;

      o.      The failure to incorporate feasible safety devices and/or controls, including but not limited to jogging controls and/or proper or adequate emergency stop controls, end user/operator guards, controls and/or devices;

      p.      The failure to properly, reasonably, or adequately inspect, repair, maintain, and/or service the subject product;

      q.      The failure to properly or adequately incorporate feasible local controls and/or devices to unjam and/or clear debris;

      r.      The failure to incorporate a proper or adequate guarding system;

      s.      The failure to properly or adequately train with regard to the subject product;

      t.      The failure to properly or adequately incorporate feasible local controls and/or components to unjam and/or clear debris;

      u.      The failure to properly or reasonably adhere to internal standards and/or industry standards for design safety and/or repair/service protocols;

Case ID: 200401006

v.      The failure to properly or reasonably perform an undertaking;

w.      The failure to properly or adequately assemble or set up the subject product;

x.      Negligence per se;

y.      The failure to correct unsafe conditions;

z.      The failure to adhere to government regulation, law, industry standard, custom

and/or reasonable practices

aa.     The failure to incorporate proper or adequate interlocked safety devices;

bb.     The failure to sell, use or supply proper or adequate safety devices;

cc.     The failure to perform Defendant's undertaking with regard to the subject

product's sale, installation, training and/or assembly, with due or proper care;

dd.     The failure to supply safe chattel with proper safety components;

ee.     The failure to properly or adequately sell or set up the subject product with all

feasible safety features, instructions and/or warnings;

ff.     The failure to provide Defendant's product with proper or adequate guards;

gg.     The failure to incorporate a design that makes the product return immediately to a

zero mechanical state when E-Stop/life line emergency stops are activated;

hh.     The failure to provide proper or adequate post-sale instructions or warnings;

ii.     The failure to provide proper or adequate supervision, start-up, testing and/or

instruction pursuant to the sale or otherwise undertaken by Defendant.

95. As a direct and proximate result of Defendants' carelessness, recklessness, negligence

and/or wrongdoing, and/or Defendants' failure to use reasonable or ordinary care, Plaintiff

suffered injuries and damages described above, incorporated herein by reference.

**WHEREFORE,** Plaintiff demands judgment for an amount in excess of Fifty Thousand

19

Case ID: 200401006

($50,000.00) Dollars, exclusive of interest, delay damages, and costs. Plaintiff further demands interest, costs and delay damages from said Defendants, jointly and severally.

## COUNT II-STRICT LIABILITY

## PLAINTIFFS v. DEFENDANTS ITWFEG

For his Second Count, Plaintiffs aver as follows:

96. Plaintiffs hereby incorporate by reference the above paragraphs as if fully set forth at length herein.

97. Defendants' subject product and its component parts were defective, unreasonably dangerous, and in an unsafe condition when they were sold by Defendants and when it left Defendants' control and possession.

98. Defendants' subject product and its component parts were defective, unreasonably dangerous and in an unsafe condition when it was manufactured, designed, assembled, supplied and/or distributed into the stream of commence by Defendants.

99. At all relevant times, Defendants' product in question was without substantial change from the condition in which it was sold and/or supplied by Defendants.

100. Defendants' product was defective and unsafe for the reasons set forth above, herein, incorporated by reference, including, but not limited to its malfunction and/or manufacturing defects, which caused Plaintiff-Husband's injury and Plaintiffs' damages, discussed herein.

101. Defendants' product is defective and unsafe because it lacked proper or adequate instructions, directives, and/or warnings and/or limitations with regard to its use, associated with regard to its hazards and/or dangers related to the product's intended and/or foreseeable use.

Case ID: 200401006

102.     Defendants are strictly liable to Plaintiff for his injuries and damages pursuant to §402A of the Restatement (Second) of Torts and Pennsylvania law.

103.     As a direct and proximate result of Defendants' product's defects, Plaintiff was injured and Plaintiff suffered injuries and damages, set forth above, incorporated by reference.

**WHEREFORE,** Plaintiff demands judgment, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of interest and costs.  Plaintiff further demands interest, costs and delay damages from said Defendants, jointly and severally.

## COUNT III-BREACH OF WARRANTY-EXPRESS AND IMPLIED

## PLAINTIFFS v. DEFENDANTS ITWGEG

For his Third Count, Plaintiff avers as follows:

104.     Plaintiffs hereby incorporate by reference the above paragraphs as if fully set forth at length herein.

105.     Based on information and belief, at all relevant times hereto, Defendants are, under the facts herein, the sellers and/or merchants of goods pursuant to the Pennsylvania Commercial Code, 13 Pa. C.S.A. §2103 et seq,

106.     Based on information and belief, at all relevant times hereto, Defendants are  and were, at all relevant times, required to sell their product and its product's component parts in a merchantable condition and fit for this product's particular purposes.

107.     Based on information and belief, at all relevant times, Defendants had reason to know that those using Defendants' product would be relying upon Defendants' skill and judgment in furnishing, supplying, selling and/or distributing a suitable product and good which was fit for its particular purpose and which was of merchantable quality.

Case ID: 200401006

108.     Defendants, upon information and belief, expressly and/or impliedly represented that the subject product's fitness and/or merchantability for a particular purpose and/or use was safe by, *inter alia,* placing the subject product into the stream of commerce through this product's sale and/or distribution.

109.     Defendants breached its implied and express warranties by selling and/or supplying a product in a defective condition, including one that created by its design, manufacturing state and/or warning and/or instruction defects, referenced above, incorporated by reference.

110.     Based on information and belief, at some time prior to April 30, 2018 and well known to Defendants, Defendants expressly representative and/or in some other manner conveyed warranties that the subject product and its component parts was safe for its and their respective purposes, intended or otherwise of merchantable quality.

111.     Based on information and belief, at some time prior to April 30, 2018, Defendants represented that the subject product and its component parts thereto was safe to use, and/or that it would not cause injury to those using said product in an intended and/or reasonably foreseeable manner.

112.     It is believed and averred that Defendants represented and/or otherwise implied through the product's sale that the subject product's hopper interlock would function properly and reliably to prevent injury to users and operators.

113.     It is believed and averred that Defendants marketed the subject product and component parts with said warranties, including those set forth above, that form part of the bargain for selling, purchasing and/or acquiring this aforementioned product and component parts, which were reasonably relied upon by the product's purchaser.

Case ID: 200401006

114.     Based on information and belief, in truth and in fact, said representations and warranties for the subject product and its component parts were false and materially misleading.

115.     As a direct and proximate result of Defendants' breaches of warranty, express and/or implied, set forth above, incorporated by reference, Plaintiff suffered severe and disabling injuries, set forth above, and Plaintiff suffered damages, identified herein, incorporated by reference.

**WHEREFORE,** Plaintiff demands judgment for an amount in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of interest and costs.  Plaintiff further demand interest, costs and delay damages from said Defendants, jointly and severally.

Respectfully submitted,

GALFAND BERGER, LLP


BY:_____

     ARTHUR L. BUGAY, ESQUIRE

Case ID: 200401006

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit.  The language of the pleading is that of counsel and not of signers. Signers verify that they have read the within pleading and that it is true and correct to the best of signers' knowledge, information and belief.  To the extent that the contents of the pleading are that of counsel, verifiers have relied upon counsel in taking this verification.  This verification is made subject to the penalties of 18 Pa. R.C.P. §4904 relating to unsworn falsification to authorities.

Algredo santiago
_____
ALFREDO SANTIAGO

**Signature:**  _____

**Email:**  alfredo.santiago289@gmail.com

Case ID: 200401006

# EXHIBIT "G"

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

|  |  |  |
|---|---|---|
| **SANTIAGO** | : | **APRIL TERM, 2020** |
|  | : |  |
| **v.** | : | **NO. 1006** |
|  | : |  |
|  | : |  |
| **ITW FOOD EQUIPMENT GROUP** | : |  |
|  | : |  |



Santiago Vs Itw Food Eq-ORDER

20040100600037

### ORDER

AND NOW, this 4ᵗʰ day of March, 2021, it is hereby **ORDERED** and **DECREED** the

Rule Returnable as to why the matter should not be non-prossed for failure to filed a complaint

in a timely manner, listed for 3ʳᵈ of March, 2021 is **DISSOLVED**.

The Case Management Order issuance date for the above-captioned matter has been

rescheduled for **April 6ᵗʰ, 2021**, after which a Case Management Order will be issued by a civil

case manager subsequent to a review of the electronic court record, civil docket, and case

management memoranda.

**Attendance by all counsel of record and unrepresented parties is waived. No Case**

**Management Conference will be held in City Hall.**

BY THE COURT:

ARNOLD L. NEW, J.